CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 9 2009

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Action No. 7:07-CR-00003 |
| | ) Civil Action No. 7:09-CV-80138 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| LANDY DIAZ, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Landy Diaz, a federal inmate proceeding pro se, filed this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Diaz claims that his attorney rendered ineffective assistance of counsel when he failed to file a notice of appeal and when he failed to present arguments regarding the government's calculation of the number of victims. He also argues that the ambiguity in the mens rea requirement of 18 U.S.C. § 1028A requires the court to vacate his convictions for aggravated identity theft. The government filed a motion to dismiss, and Diaz filed a response, making the matter ripe for the court's disposition. On the existing record, however, the court is unable to resolve Diaz's claim that counsel was ineffective for failing to file a notice of appeal and therefore refers the matter for an evidentiary hearing on the issue.

### Background

On June 21, 2007, a federal grand jury returned an eight count superseding indictment charging the defendant, Landy Diaz, and his wife, Letty Mellor, with a scheme to steal credit and debit card numbers ("access devices"). Count One charged Diaz and Mellor with conspiracy to intentionally defraud, traffic in, use, produce and possess unauthorized and counterfeit access devices in violation of

1

18 U.S.C. § 371. Counts Two, Three and Four charged Diaz and Mellor with various offenses under 18 U.S.C. § 1029(a) related to the possession of these access devices and access device-making equipment. Counts Five, Six and Seven charged Diaz and Miller with aggravated identity theft in violation of 18 U.S.C. § 1028A. Count Eight contained a forfeiture notice.

On December 11, 2007, the defendant entered a plea of guilty as to Count Two. That same day, the defendant appeared for a jury trial on the remaining counts. On December 13, 2007, the jury returned a guilty verdict on all remaining counts. Diaz was sentenced by the court to a total term of imprisonment of sixty-five months. During these proceedings, Diaz was represented by John Gregory, Jr.

On March 5, 2009, Diaz filed the present motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Diaz argues that his counsel was ineffective when he failed to object to the government's calculation of the number of victims, and when he failed to file a notice of appeal. Diaz also claims that the ambiguity in the mens rea requirement of 18 U.S.C. § 1028A requires the court to vacate his convictions for aggravated identity theft.

On June 5, 2009, the government filed a motion to dismiss Diaz's request for relief under 28 U.S.C. § 2255, arguing that Diaz's counsel was constitutionally effective throughout the proceedings. Gregory states in an affidavit, attached as an exhibit to the government's motion, that Diaz "never requested, either in writing or verbally, that an appeal be noted on his behalf within the appropriate ten (10) day appellate time period" and that Diaz only requested an appeal approximately sixty days after the date of his sentencing order. In his reply brief and supporting affidavit, however, Diaz claims that he told his attorney on the day of sentencing that he wanted an appeal and that he, his wife, and his family called Gregory numerous times after the hearing in order to request an appeal.

## Discussion

One of Diaz's claims of ineffective assistance of counsel is that counsel failed to file a notice of appeal upon Diaz's request. In order to establish a Sixth Amendment violation based on counsel's failure to file an appeal, Diaz must show that his counsel was ineffective and that, but for this ineffectiveness, an appeal would have been filed. See United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." Id. Thus, if Diaz's allegation is true, and he would have filed an appeal but for his attorney's ineffectiveness, then Diaz has stated a claim for relief. In light of the conflict between Diaz's allegations and his attorney's affidavit, the court refers the issue of whether Diaz asked his counsel to file an appeal for an evidentiary hearing. Because the outcome of the evidentiary hearing may affect Diaz's other claims, the court will not yet address the United States' motion to dismiss.

## Conclusion

For the reasons stated, the court refers the matter to United States Magistrate Judge Michael F. Urbanksi for an evidentiary hearing on the issue of whether Diaz asked his counsel to file a direct appeal.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the defendant, counsel of record for the United States, and United States Magistrate Judge Michael F. Urbanksi.

ENTER: This 9th day of July, 2009.

_____
United States District Judge